IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:19-cr-271-SI-07 |
| v. | **ORDER** |
| **JORGE ARMANDO CORRAL APODACA**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On October 7, 2020, Defendant Jorge Armando Corral Apodaca pleaded guilty to one count of conspiracy to distribute controlled substances. On January 27, 2021, the Court sentenced Mr. Apodaca to a term of imprisonment of 37 months, to be served concurrently with the sentence imposed in Clark County, Nevada Case No. C-19-341872-2, followed by five years of supervised release. Mr. Apodaca is currently serving his sentence at the United States Penitentiary in Lompoc, California (USP Lompoc). The Bureau of Prisons (BOP) has scheduled Mr. Apodaca for release on September 13, 2023. In July 2021, Mr. Apodaca submitted a request for reduction in sentence to the Warden at USP Lompoc.

On July 28, 2021, Mr. Apodaca, representing himself, filed in this Court a motion to reduce sentence. ECF 237. The Court then appointed the Federal Public Defender to represent

PAGE 1 – ORDER

Mr. Apodaca. On March 21, 2022, Mr. Apodaca, through the Federal Public Defender, filed a Renewed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 260, which superseded Mr. Apodaca's earlier motion filed *pro se*.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons (BOP), acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) Extraordinary and compelling reasons warrant such a reduction;
> \*   \*   \*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statements identify categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and

PAGE 2 – ORDER

family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statements only apply to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. *See Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, however, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. (citation omitted). As a result, a district court may consider any extraordinary and compelling reason for release that a defendant raises. *Id*.

In his renewed motion for early release, Mr. Apodaca argues that if this Court were to reduce Mr. Apodaca's sentence to time served, he will be transferred to the Nevada prison system where he will likely be eligible for parole on his concurrent sentence. Mr. Apodaca adds that COVID-related conditions have deteriorated at USP Lompoc. The Government opposes Mr. Apodaca's motion. ECF 262. The Government argues that Mr. Apodaca's health concerns, desire to help his family, and general COVID concerns in prison do not meet the high bar needed to show extraordinary and compelling circumstances. The Government adds that the § 3553(a) factors do not support early release. In his reply, Mr. Apodaca explains that he is suffering from symptoms consistent with long COVID, such as shortness of breath. ECF 264. He adds that if released from federal custody, he likely will be taken into custody in Nevada and then will be deported.

Reducing Mr. Apodaca's sentence to time served, however, as he requests, would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by the Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to future criminal conduct. Because a reduction in sentence is not warranted in this case, the Court DENIES Mr. Apodaca's Renewed Motion to Reduce Sentence Pursuant to


U.S.C. § 3582(c)(1)(A)(i). ECF 260. The Court also DENIES AS MOOT Mr. Apodaca's original motion to reduce sentence (ECF 237), which was superseded by his renewed motion.

**IT IS SO ORDERED.**

DATED this 19th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER